IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAULETTE A. GODFREY )<br>420 West Sixth Street )<br>McDonald, Ohio 44431 )<br> )<br>    Plaintiff )<br> )<br>v. )<br> )<br>FRANK FUDA, In his Individual Capacity )<br>Trumbull County Commissioner )<br>Trumbull County Admin. Bldg., 5th Floor )<br>160 High Street N.W. )<br>Warren, Ohio 44481 | CASE NO.<br>JUDGE<br><br><br><br><br>COMPLAINT<br>(Plaintiff demands a trial by jury) |

1. Jurisdiction of this Honorable Court over the subject matter of this action is conferred pursuant to 42 U.S.C. §1983, 28 U.S.C. §1341, and 28 U.S.C. §1331. Venue is properly laid in this District pursuant to 28 U.S.C. §1391 because all defendants reside in this District and the cause of action alleged herein arose in this District.

2. Plaintiff Paulette A. Godfrey ("Godfrey") is an individual who resides at 420 West Sixth Street, McDonald, Ohio 44431.

3. Defendant Frank Fuda ("Fuda") is an individual whose office address is Trumbull County Administration Building, 5th Floor, 160 High Street N.W., Warren, Ohio 44481. At all times material to this action Fuda has been a duly elected and duly authorized

Trumbull County Commissioner At all times material to this action, Fuda was acting under color of state law. Fuda is being sued in his individual capacity.

4. In or about 1995, Godfrey was hired by Trumbull County, Ohio. In or about 2005, Godfrey was given the job of Commissioners' Clerk. Godfrey served as the Commissioners' Clerk continuously until her employment with Trumbull County ended on or about July 24, 2021

5. During the course of her employment as the Trumbull County Commissioners' Clerk, Godfrey made statements relating to issues of general interest which statements cast a very negative light on Fuda. In particular, Godfrey was asked during the course of a public meeting of the Trumbull County Commissioners whether Fuda had ever been hostile or abusive toward her in the work place. Godfrey honestly replied to that question by stating that Fuda had been hostile and abusive to her in the work place.

6. Subsequent to the aforementioned public meeting of the Trumbull County Commissioners, Fuda began to harass, torment, bully, and act abusively toward Godfrey. Fuda's intentionally abusive conduct toward her created a work environment so hostile toward Godfrey that her physician told her, as a matter of her health, she needed to leave her job as Commissioners' Clerk. Fuda's intentional conduct toward Godfrey constituted the constructive discharge of Godfrey. Fuda also knowingly took steps to destroy the possibility of an arrangement designed to bring Godfrey, a good, loyal, long-term Trumbull County employee, back to work.

7. In speaking out regarding issues of public interest, i.e. the manner in which the Office of the County Commissioners operated, Godfrey was speaking as a citizen not as a Trumbull County employee. Godfrey's actions in expressing her opinions on issues

such as those identified in this Complaint constituted protected conduct under the First Amendment to the United States Constitution which protections have been extended to the states by the due process clause of the Fourteenth Amendment to the United States Constitution.

8. Godfrey's constructive discharge from employment with Trumbull County, Ohio was an act of retaliation by Fuda against Godfrey for the protected First Amendment conduct in which Godfrey had engaged. Fuda's hostility toward and harassment of Godfrey after the public meeting referred to in this Complaint, and Fuda's constructive discharge of Godfrey from her employment with Trumbull County, Ohio is conduct that would chill the ardor of a reasonable person from engaging in protected First Amendment conduct similar to the protected conduct in which Godfrey engaged.

9. In retaliating against Godfrey for engaging in protected First Amendment conduct, Fuda acting under color of state law, violated rights secured to Godfrey by the First and Fourteenth Amendments to the United States Constitution, Fuda directly and proximately caused Godfrey to suffer economic and non-economic injuries for which Godfrey is entitled to compensation from Fuda.

10. In violating Godfrey's constitutional rights as alleged herein, Fuda, acting under color of state law, acted willfully, wantonly, maliciously, and in reckless disregard for Godfrey's rights.

WHEREFORE, Godfrey requests that this Honorable Court:

   a. Find that Fuda, while acting under color of state law, violated Godfrey's constitutional rights by harassing her, and constructively discharging her in retaliation for her engaging in protected First Amendment activity;

   b. Grant Godfrey judgment against Fuda for her economic damages in an amount to be determined at trial but, in not event, less than Two Hundred Fifty Thousand Dollars ($250,000.00);

   c. Grant Godfrey judgment against Fuda for her non-economic damages in an amount to be determined at trial but, in not event, less than Five Hundred Thousand Dollars ($500,000.00);

   d. Grant Godfrey judgment against Fuda for punitive damages in an amount to be determined at trial but, in not event, less than Two Million Thousand Dollars ($2,000,000.00);

   e. Award Godfrey interest on all sums found to be due her;

   f. Grant Godfrey judgment against Fuda for the costs of this action including the reasonable attorney fees incurred by Godfrey in the prosecution of this action; and

   g. Grant Godfrey any further relief that this Honorable Court deems to be equitable and just.

Respectfully submitted,

s/David L. Engler
David L. Engler (0030264)
181 Elm Road, N.E.
Warren, Ohio 44483
Telephone: (330) 729-9997
Fax: (484) 970 1580
Email: davidengler@davidengler.com
Attorney for Paulette A. Godfrey