IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAULETTE GODFREY, | ) | |
| | ) | CASE NO. 4:22CV225 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN ADAMS |
| | ) | |
| FRANK FUDA, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |
| | ) | |

Plaintiff Paulette Godfrey has moved this Court to exclude certain evidence from its consideration of Defendant Frank Fuda's motion for judgment on the pleadings. In the alternative, Godfrey has sought to convert the motion for judgment on the pleadings to a motion for summary judgment. Doc. 7. Both aspects of the motion are DENIED.

**I. BACKGROUND**

On March 24, 2021, Fuda asked Godfrey at a public board meeting whether he had ever yelled at her. Godfrey replied that Fuda had yelled at her on several occasions. After the public board meeting, Godfrey alleges Fuda began to harass, torment, bully, and act abusively toward her, creating a hostile work environment, leading to Godfrey's constructive discharge. (Complaint ¶6.)

On February 9, 2022, Godfrey filed her complaint under 42 U.S.C. § 1983 against Fuda alleging retaliation for protected First Amendment conduct. (Complaint ¶1.) On March 21, 2022, Godfrey filed a Motion for Judgment on the Pleadings, asking the Court to consider an audio recording of the allegedly protected First Amendment conduct. In response, on March 29, 2022,

Godfrey filed the pending motion seeking to exclude consideration of the audio recording or convert the motion to a motion for summary judgment.

II. ANALYSIS

The Court agrees with Godfrey that ordinarily matters outside the pleadings should not be considered in ruling on a motion to dismiss. However, this Court may consider public records in resolving a motion for judgment on the pleadings "so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Godfrey's claim hinges upon what was said at the public meeting on March 24, 2021 and whether what was said was a matter of public concern -- making these statements central to the outcome of the claim. Further, Godfrey's complaint specifically referred to statements made in the public meeting. Lastly, it cannot reasonably be disputed that the recording from the public meeting is in fact a public record. The recording was created by a public agency as part of the agency's official business. Therefore, the meeting recording satisfied all the elements of being a public record and may properly be considered by this Court.

To be clear, courts may not consider all parts of public record documents when ruling on a motion for judgment on the pleadings. *See Passa v. City of Columbus*, 123 F.App'x 694 (6t Cir. 2005). Generally, courts may only consider public records when the facts therein are not subject to reasonable dispute. *Id.* at 697. The recording at issue is not subject to reasonable dispute and therefore may be considered by the court. The recording reveals verbatim what was said by both Godfrey and Fuda at the public meeting in March 2021. Neither party could reasonably dispute statements they made during the recording. Accordingly, the Court may consider the recording.

III. CONCLUSION

2

The motion to exclude or convert the motion to judgment on the pleadings is DENIED. Godfrey shall file any opposition to the motion for judgment on the pleadings by no later than October 10, 2022.

    IT IS SO ORDERED.


Dated: October 3, 2022                  */s/ John R. Adams*
                                              JOHN R. ADAMS
                                              UNITED STATES DISTRICT JUDGE