IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAULETTE GODFREY, | ) | |
| | ) | CASE NO. 4:22CV225 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN ADAMS |
| | ) | |
| FRANK FUDA, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |
| | ) | |

Pending before the Court is Defendant Frank Fuda's motion for judgment on the pleadings filed pursuant to Fed. R. Civ. P. 12(c). On October 3, 2022, the Court denied Plaintiff Paulette Godfrey's motion to convert this motion to a motion for summary judgment. Doc. 9. In that same order, Godfrey was given until October 10, 2022 to file any opposition to the motion for judgment on the pleadings. Godfrey did not timely file an opposition, but sought leave on October 17, 2022 to file an opposition by no later than October 24, 2022. The Court granted such leave and a response and a reply have been filed. For the reasons stated below, Defendant is entitled to judgment as a matter of law.

**I. BACKGROUND**

On March 24, 2021, Defendant asked Plaintiff at a public board meeting whether he had ever yelled at her. Plaintiff replied that Defendant had yelled at her on several occasions. After the

public board meeting, Plaintiff alleges Defendant began to harass, torment, bully, and act abusively toward her, creating a hostile work environment and constituting Plaintiff's constructive discharge.

On February 9, 2022, Plaintiff filed a complaint in this action under 42 U.S.C. § 1983 against Defendant alleging retaliation for protected First Amendment conduct. On March 21, 2022, Defendant moved for judgment on the pleadings, asking the Court to consider an audio recording of the allegedly protected First Amendment conduct. In response, on March 29, 2022, Plaintiff filed a Motion to Exclude Evidence, or in the alternative, to convert to a Motion for Summary Judgment. The Court denied both aspects of that motion on October 3, 2022. Accordingly, the Court now considers the merits of the motion for judgment on the pleadings.

## II. STANDARD OF REVIEW

The standard of review applicable to a motion for judgment on the pleadings pursuant to Fed.R. Civ.P. 12(c) is the same as the standard of review applicable to a motion made pursuant to Rule 12(b)(6). *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). Fed. R. Civ. P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." To warrant dismissal, "it [must] appear[] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "A district court considering a defendant's motion to dismiss under Rule 12(b)(6) must construe the complaint in the light most favorable to the plaintiff and accept the plaintiff's allegations as true." *Thurman v. Pfizer, Inc.*, 484 F.3d 855 (6 Civ. 2007). However, it is unnecessary for the court to "accept as true legal conclusions or unwarranted factual inferences." *Kottmyer*, 436 F.3d at 688 (citing *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000). Plaintiff is required to provide more than

2

labels and conclusions; a recitation of the elements of a cause of action is not sufficient. *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 555 (2007).

**III. DISCUSSION**

1. <u>Plaintiff's statements are not protected speech because the statements were a matter of private, not public, concern.</u>

In her Complaint, Plaintiff alleges violations of her constitutional rights. Specifically, Plaintiff alleges that Defendant, acting under color of state law, restrained Plaintiff's First Amendment right to freedom of speech when Defendant harassed Plaintiff and constructively discharged Plaintiff in retaliation for Plaintiff engaging in protected First Amendment activity. Plaintiff contends that she was speaking as a matter of public concern when she responded to Defendant's questioning at a public board meeting, and as a matter of public concern, Plaintiff's speech was protected under the First Amendment.

In *Pickering v. Board of Education*, the Supreme Court set forth a balancing test to determine if government employee speech was protected by the First Amendment. The Supreme Court held that "the interests of the [employee] as a citizen" must be balanced against "the interest of the State as an employer, in promoting the efficiency of the public services it performs through its employees." *Pickering v. Board of Ed. of Tp. High School Dist. 205, Will County, Illinois*, 391 U.S. 563, 568 (1986). The Supreme Court later emphasized that this balancing test is only required when the employee's statements constitute speech on a matter of public concern. *See Connick v. Myers*, 461 U.S. 138 (1983).

While the First Amendment does not protect speech made by employees working for private entities, government employees' speech is protected by the First Amendment if the employee

spoke both (1) on a matter of public concern and (2) as a citizen rather than a government employee. *See, e.g., McMurphy v. City of Flushing*, 802 F.2d 191, 197 (6th Cir. 1986). Any matter not related to political, social, or other concern to the community is generally not considered a matter of public concern. *Connick*, 461 U.S. at 146 (1983). "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Id*. at 147-148. The Supreme Court has found that speech related to allocation of school funds, speech criticizing government inefficiency and waste, and testimony before a state legislature or in a court of law are matters of public concern. *See Pickering*, 391 U.S. at 569-570; *Garcetti v. Ceballos*, 547 U.S. 410 (2006); *Lane v. Franks*, 573 U.S. 228 (2014).

Plaintiff's statement casting a negative light on Defendant was a matter of personal, not public, concern. Plaintiff maintains that comments made during the public meeting were of public interest. Specifically, Plaintiff contends that her speech was tied to whether an elected official had made untrue statements and more broadly about the treatment of women in the workplace. In turn, Plaintiff argues that this makes the speech a matter of public concern because it relates to the function of a government agency. The Sixth Circuit, however, has held that "mere allegations of managerial incompetence do not amount to constitutionally protected speech." *Naghtin v. Montague Fire Dist. Bd.*, 674 F.App'x 475, 479 (6th Cir. 2016). Plaintiff's allegations are properly categorized as a private dispute between an employer and employee and are not a matter of public concern. Accordingly, Plaintiff's complaint does not state a cause of action for deprivation of any protected Constitutional right.

2. Plaintiff's speech was not made as a private citizen

Assuming arguendo that Plaintiff's speech was a matter of public concern, her complaint is still properly subject to dismissal because she cannot be said to have been speaking as a private citizen. *See, e.g., McMurphy v. City of Flushing*, 802 F.2d 191, 197 (6th Cir.1986) (holding that "when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior"). The Supreme Court clarified the first of these requirements in *Garcetti v. Ceballos*, 126 S.Ct. 1951, 1958 (2006), by holding that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes."

The Sixth Circuit has included the following factors when evaluating whether an employee has uttered protected speech: the scope of the speaker's employment duties, the impetus for the speech, the setting of the speech, the speech's audience, and its general subject matter. *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 546 (6th Cir. 2007)

It is undisputed that Plaintiff was required to attend the commissioners' meeting as a part of her employment as the Board's clerk. It is further undisputed that Plaintiff routinely answered questions from the Commissioners even though such a duty was not clearly written in her job description. ("Because the test is a practical one, courts should consider the duties that the employee actually performs on a day-to-day basis. That said, an employee's official duties listed in a formal job description are relevant too." *DeCrane v. Eckart*, 12 F.4th 586, 596 (6th Cir. 2021)(citations and quotations omitted).

5

*DeCrane* also noted that "[o]n-the-clock speech at the employer's place of business is more likely to be speech as a government agent as compared to off-the-clock speech away from the office[,]" and "[s]peech to supervisors is more likely to be speech as a government agent as compared to speech to outside individuals. *Id.* at 596. Plaintiff's speech was both on-the-clock and to her supervisor. As such, the facts compel the conclusion that Plaintiff was not acting a private citizen.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings is GRANTED. This matter is hereby DISMISSED.

IT IS SO ORDERED.

Dated: February 3, 2023         */s/ John R. Adams*
                                JOHN R. ADAMS
                                UNITED STATES DISTRICT JUDGE